UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMIE DARNELL PETTIGREW,

Plaintiff,

v.

Case No. 26-cv-2123-pp

FRANK J. BISIGNANO,

Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The affidavit shows that the

plaintiff is not employed, not married and is not responsible for dependents. Dkt. No. 2 at 1. She receives $875 each month from family and $290 in food stamps. Id. at 2. The plaintiff has monthly expenses totaling $1135. Id. at 2-3. The plaintiff owns no property, home, cash, checking or savings accounts. Id. at 3-4. The plaintiff states "I live a very tight life financially and cannot afford these cost[s]. My friends help me financially by giving me $75/mo to get by, and a friend buys my bus pass each month I buy my food with the $290 I receive in food stamps. I have no money after bills and living expenses, and I cannot afford these cost[s]." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she is appealing an adverse decision of the commission, which became final on September 18, 2026. Dkt. No. 1. The two-paragraph complaint does not state the basis on which she is filing her appeal, but at this early stage in the case the court cannot conclude that there

is no basis in law or in fact for the plaintiff's appeal of the Commissioner's decision or that the appeal lacks merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 17th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**